UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BULLOCK,<br><br>Defendant | CRIMINAL No. 24-CR-10056-DJC |

GOVERNMENT'S SENTENCING MEMORANDUM

For years, Robert Bullock was a civil servant who held a position of trust. His job, and his obligation to the community, was to assure the delivery of safe drinking water. Between 1999 and 2022, Mr. Bullock did his job and upheld his obligation. On November 29, 2022, Bullock went to a pumping station and turned off the chlorine pump that introduces disinfectant to drinking water before the water is piped to the public. When he did, Mr. Bullock violated his obligation to the public and committed a serious crime. His crime calls for a sentence that reflects the gravity of that crime. On that basis, the government asks the Court to sentence Mr. Bullock to a year and a day in custody followed by a three-year term of supervised release.

Discussion:

The facts of Mr. Bullock's crime are accurately set forth in the Presentence Investigation Report (PSR). Id. at ¶¶ 7-17. In summary, we know that after the Water Department closed its offices on the afternoon of November 29, 2022, Mr. Bullock went to Pumping Station 7, went inside and turned off the chlorine pump. Bullock also zeroed-out the alarm system so that it would not trigger because the chlorine pump had been turned off. As a result of his crime, roughly 40,000 gallons of water left Pumping Station 7 with insufficient disinfectant.

Fortunately, that water was combined with a larger volume of water before it was released to the public, thereby diluting the impact of the unchlorinated water.

The Sentence Guidelines are also accurately calculated in the PSR. Mr. Bullock's Total Offense Level is 23, PSR at ¶¶ 21-31, and his Criminal History Category is I, PSR at ¶¶ 33-39. The corresponding Guidelines range is 46-57 months. Because the facts are not in dispute and the parties and Probation have all arrived at the same Guidelines calculation, the remaining question is what sentence best suits the crime in this case.

The factors set forth in 18 U.S.C. § 3553(a) asks us to consider "the nature and circumstances of the offense and the history and characteristics of the defendant … the need for the sentence … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense … to afford adequate deterrence to criminal conduct … [and] to protect the public from further crimes of the defendant." But at its core, the challenge of sentencing is to correctly assess the evidence in mitigation and the evidence in aggravation, and render a sentence that is fair in light of all of the evidence.

Here, the evidence in mitigation is compelling. Aside from an arrest that did not result in a conviction Mr. Bullock sustained as a teenager (PSR at ¶39), Bullock has led a crime-free life. And Mr. Bullock was a civil servant for over twenty years before he committed this crime. (PSR at ¶¶70-73). In addition to his employment history and lack of criminal record, Mr. Bullock appears to be an involved parent, son and brother. PSR at ¶¶ 41-49. Based on this evidence it is fair to say that Mr. Bullock as a contributing and productive member of our community for the vast majority of his life. And the government is aware of the collateral consequences that Bullock will suffer as a result of this incident. He has lost not only his job but his career, one in which he had invested over twenty years of his life.

But while the government acknowledges the evidence in mitigation, the evidence in aggravation is also significant. Mr. Bullock was only able to commit this crime because he had been entrusted with the care and maintenance of the very system that he tampered with. And Bullock didn't just turn off the chlorine pump, he zeroed-out the alarm system, leaving the Water Department unaware that one of its pumps was not operating safely. Fortunately, the water that left Pumping Station 7 was diluted by other, properly disinfected water, but the fact remains – insufficiently chlorinated water was pumped to the public because of Mr. Bullock's actions.

And there is something inherently aggravating about the nature of the crime. Ultimately this crime is about water, a staple without which we cannot live. Something that each of us trusts is being piped into our lives in a condition that is safe to use and drink. Robert Bullock was trusted to keep the water safe and he violated that trust. Now, Bullock's punishment must reflect the gravity of what he did. A sentence of time-served fails to do that. It sends a message to the next disgruntled public works employee that if they, like Mr. Bullock, tamper with infrastructure in unsafe dangerous ways, they can expect to receive no custody as a result of their crime. That is not a message this Court can send.

Conclusion:

For over twenty years Robert Bullock was entrusted to maintain the drinking water supply, and he did. For reasons known only to him, Mr. Bullock decided to tamper with the very system he was entrusted to safekeep. Bullock's crime must be met with a significant sentence.

//

On that basis the government respectfully requests that this Court sentence Robert Bullock to a year and a day in custody, followed by three years of supervised release. That is a sentence that acknowledges the evidence in mitigation but is sufficiently serious to capture the gravity of Bullock's crime.

          Respectfully submitted,

          LEAH B. FOLEY
          United States Attorney

By:    */s/ Ben Tolkoff*
       BENJAMIN TOLKOFF
       Assistant United States Attorney
       617/748-3183

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                            */s/ Ben Tolkoff*
                                            BENJAMIN TOLKOFF
                                            Assistant United States Attorney

Date: July 11, 2025